UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT MENZER,<br><br>                            Plaintiff,<br><br>    v.<br><br>U.S. BANK, N.A., *et al.*,<br><br>                           Defendants. | Case No. 3:23-CV-00299-MMD-CLB<br><br>ORDER |

**I.    SUMMARY**

This present action is a continuation of the parties' dispute in state court over the validity of a default judgment. Before the Court are the following motions: Defendant U.S. Bank N.A.'s and Defendant Residential Funding Mortgage Securities I, Inc., Mortgage Pass-Through Certificates, Series 2005-SA5's Motion to Dismiss ("Motion to Dismiss") (ECF No. 20), and Plaintiff Robert Menzer's motions for TRO and preliminary injunction (ECF Nos. 7, 36, 37), and related motion for order shortening time (ECF No. 38). The Court has reviewed the parties' respective responses and replies. (ECF Nos. 25, 26, 27.) For the reasons discussed below, Defendants' Motion to Dismiss is granted and thus Plaintiff's motions are denied.

**II.    BACKGROUND**

The following allegations are taken from the Complaint (ECF No. 1) unless otherwise indicated. *See United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). The Court takes judicial notice of the parties' filings and court orders in the dispute between U.S. Bank and Menzer in Nevada state court. (ECF Nos. 20-1; 20-2; 20-7; 20-8; 20-10; 20-13; 20-14; 26 at 5-6, 21-22, 85-86.) *See also Lee v. Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

In June 2018, U.S. Bank, as a trustee for Residential Funding, filed a complaint in the Ninth Judicial District in Nevada seeking the judicial foreclosure of Robert Menzer's property in Minden, Nevada ("Property"). (ECF Nos. 1 at 3, 20-1.) After unsuccessfully attempting to personally serve Menzer four times, U.S. Bank filed an ex parte application for an order extending their time to affect service and directing service by publication. (ECF No. 1 at 4.) The state court extended U.S. Bank's deadline for serving Menzer and directed service by publication in a newspaper of general circulation in Douglas County; however, the newspaper in which the court directed the publication of the service of summons is neither printed nor published in Douglas County. (*Id.* at 5; 26 at 5-6.) U.S. Bank filed an affidavit of publication stating that the newspaper in which service was directed is "printed and published in Las Vegas, Clark County, Nevada." (ECF No. 1 at 5.)

Less than two weeks later, U.S. Bank applied for, and the state district court clerk entered, default against Menzer personally. (*Id.*) U.S. Bank then filed an application for a default judgment, in which it represented that Menzer had been properly served. (*Id.*) The clerk of court entered a default judgment against the Property ("Default Judgment") and a writ of execution regarding the Property identifying Menzer as the judgment debtor in the spring of 2019. (ECF Nos. 1 at 6, 20-2.) It was not until eight weeks later that Menzer became aware of the Default Judgment. (ECF No. 1 at 6.) During subsequent correspondence between the parties, U.S. Bank's counsel sent Menzer's attorney the Default Judgment, proof of service by mail, and notice of entry of the Default Judgment—but not the affidavit of publication. (*Id.*) Menzer still took no legal action, as he relied upon U.S. Bank's representations that it had affected proper service by publication. (*Id.*)

The Sherrif foreclosed upon the Property and sold it to Defendants at a Sheriff's sale in July 2019. (*Id.* at 7.) Defendants recorded the Sheriff's deed in Douglas County a little over a year later. (*Id.*) A notice to quit posted on the Property prompted Menzer's counsel to review the sale, and upon this review, counsel discovered that service of the summons via publication had been affected in the wrong county and that the Default Judgment had been directed against Menzer personally. (*Id.*)

Menzer filed a motion to quash service and set aside the Default Judgment ("Motion to Set Aside") in the Ninth Judicial District of Nevada on October 6, 2020. (*Id.*) The district court issued an order denying Menzer's Motion to Set Aside in March 2021, to which Menzer responded with a motion to amend. (ECF Nos. 20-7, 20-8.) The state district court denied Menzer's motion to amend in late November 2021. (ECF No. 20-9). Menzer appealed the denial of his Motion to Set Aside to the Nevada Supreme Court a month later, but the Supreme Court dismissed his appeal for lack of jurisdiction. (ECF Nos. 20-10, 20-13.) Remittitur issued on March 13, 2023. (ECF No. 20-14.)

Menzer then filed his complaint in the instant case, again challenging the validity of the Default Judgment. (ECF No. 1.)

### III. MOTION TO DISMISS

Defendants assert that Menzer's claims are barred by the *Younger* abstention doctrine, the *Rooker-Feldman* doctrine, claim preclusion, Federal Rule of Civil Procedure 12(b)(6), and issue preclusion, and that Residential Funding is not a necessary party to this case. The Court finds that claim preclusion applies to bar Menzer's claims and declines to address the other arguments..

The Court applies Nevada's claim preclusion rules because Defendants seek to give preclusive effect to a Nevada state court judgment. *See* 28 U.S.C. § 1738; *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 482 (1982). Under Nevada law, claim preclusion applies when: (1) there has been a valid, final judgment in the previous action; (2) the claims in the present action are identical to, or could have been brought in, the previous action; and (3) the parties or their privies are the same in the instant lawsuit as they were in the previous lawsuit, or the defendant can demonstrate that he should have been included in the earlier suit and the plaintiff fails to provide a reason for not having done so. *See Weddell v. Sharp*, 350 P.3d 80, 81 (Nev. 2015). All three factors are present for each of Menzer's claims, and thus his due process, slander of title, and fraud causes of action against U.S. Bank and Residential Funding are precluded.

/ / /

### A. Valid Final Judgment

Whether the Ninth Judicial District Court correctly decided Menzer's challenge to the validity of the Default Judgment under Nevada law is immaterial because the state court reached a valid, final judgment on the matter. The state district court heard Menzer's arguments as to why the Default Judgment was void, ultimately found Menzer had waived any procedural defects, and issued final, appealable orders denying both his Motion to Set Aside and his Motion to Amend. (ECF Nos. 20-6, 20-7 at 7-8, 20-8, 20-9.) *See also* Nev. R. App. Proc. 3A(b). Then the Nevada Supreme Court likewise denied his appeal, leaving nothing further for the state court to consider regarding the validity of the Default Judgment. (ECF No. 20-13 at 3-4.) *See also Benchmark Ins. Co. v. Sparks*, 254 P.3d 617, 620 (Nev. 2011). As Menzer has exhausted his state court appeals, the Default Judgment is a final order.

Given the facts of this case, Menzer's contentions that the Default Judgment violates the Due Process Clause of the Fourteenth Amendment and that U.S. Bank fraudulently misrepresented that it had properly served Menzer are insufficient to render the Default Judgment invalid. (ECF No. 1 at 9-14.) While a state court judgment may not have preclusive effect if it was obtained through "extrinsic fraud," such a finding requires that "there has been no fair adversary trial at law, either because the aggrieved party was kept in ignorance of the action or proceeding, or in some other way fraudulently prevented from presenting his claim or defense." *In re Lake*, 202 B.R. 751, 758 (B.A.P. 9th Cir. 1996). Once again, Menzer was not only able to but also actually did request reconsideration of and appeal the Default Judgment in state court via his Motion to Set Aside, Motion to Amend, and appeal to the state supreme court. *See Robinson v. Nev. Sys. of Higher Educ.*, 2016 WL 3869846, at *5 (D. Nev. July 15, 2016). Menzer was thus afforded a "full and fair opportunity to litigate" both the validity of the Default Judgment and the reasons for his delay in challenging the Default Judgment in state court. *Id.* The Court is satisfied that the Default Judgment is both final and valid.

/ / /

### B. Identical Claims or Claims that Could Have Been Brought

Menzer raises three different claims in the present case. (ECF No. 1.) He first alleges that Defendants violated his right to due process and thus the Default Judgment is void. (ECF No. 1 at 9.) This claim is identical to Menzer's allegations in his state court Motion to Set Aside. (ECF No. 20-6 at 6 ("A judgment entered without notice or service violates the Due Process Clause . . . [and] is absolutely void.").)

Menzer further alleges slander of title and fraud. (ECF No. 1 at 9-14.) These are not claims that Menzer raised in the state court case; however, they relate to the same operative facts as the state court action, and none of Defendants' allegedly unlawful or tortious conduct occurred after October 6, 2020—the day that Menzer filed the Motion to Set Aside. (*Id.* at 3-7.) The slander of title and fraud claims are thus "*based on the same facts and alleged wrongful conduct* [as claims] that were or could have been brought" in the state court proceeding and are subject to claim preclusion. *Rock Springs Mesquite II Owners' Ass'n v. Raridan*, 464 P.3d 104, 108 (Nev. 2020) (emphasis in original).

### C. Identical Parties or Their Privies

All parties to this case but one are identical to those in the state court action, and the only non-identical party, Residential Funding, is in privity with U.S. Bank. The Nevada Supreme Court recognizes privity under the Restatement (Second) of Judgments' "adequate representation" analysis, as well as in other circumstances "beyond those categories noted in the Restatement." *Mendenhall v. Tassinari*, 403 P.3d 364, 369 (Nev. 2017) (quoting *Rucker v. Schmidt*, 794 N.W.2d 114, 118 (Minn. 2011)). Pursuant to the Restatement, a person is adequately represented such that preclusion attaches when a party to a previous action was the "trustee of an estate or interest of which the person is a beneficiary." RESTATEMENT (SECOND) OF JUDGMENTS § 41(1)(a) (Am. L. Inst. 1982) [hereinafter RESTATEMENT].

U.S. Bank holds the Property as a Trustee for Residential Funding, but Residential Funding is the trust itself, rather than a beneficiary. Regardless, the Court is comfortable predicting that the Nevada Supreme Court would find that the two entities are privies due

to the court's holding that privity attaches when parties share a "substantial identity" or a "sufficient commonality of interest." *Mendenhall*, 403 P.3d at 369; *see also FQ Men's Club, Inc. v. City of Reno*, 2019 WL 2339967, at *2 (Nev. May 31, 2019) (unreported case holding the same); *Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir. 2011) (stating that if the state supreme court has not decided an issue, the federal court's role is to "predict how the state high court would resolve it"). Residential Funding's interest in prevailing in the state court action—obtaining a judgment of foreclosure—would have been identical to that of both U.S. Bank and the trust's beneficiaries, leaving little question that the interests of U.S. Bank and Residential Funding were aligned in the state court action. *See* RESTATEMENT § 41(1)(a); *Taylor v. Sturgell*, 553 U.S. 880, 900 (2008). Moreover, the Court has no doubt that U.S. Bank understood itself to be acting in a representative capacity for Residential Funding as its trustee. (ECF No. 20-1 at 1 (naming plaintiff "U.S. Bank National Association as Trustee for Residential Funding Mortgage Securities I, Inc. Mortgage Pass-Through Certificates, Series 2005-SA5").) *See also Taylor*, 553 U.S. at 900; RESTATEMENT § 41 cmt. b ("A trustee of a trust has authority to represent the estate."). U.S. Bank was able to adequately represent Residential Funding's interests in the state court action such that they are privies under Nevada law.

Claim preclusion applies and bars all Menzer's present claims. Accordingly, the Court grants Defendants' Motion to Dismiss, and denies Menzer's pending motions relating to preliminary injunction relief as moot.

**IV.   CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the parties' motions.

It is therefore ordered that Defendants' Motion to Dismiss (ECF No. 20) is granted.

It is therefore ordered that Plaintiff Robert Menzer's motions for TRO and preliminary injunction (ECF Nos. 7, 36, 37) and motion for order shortening time (ECF No.

1  38) are denied.

2  It is further ordered that the Clerk of Court enter judgment in accordance with this

3  order and close this case.

4  DATED THIS 20th day of October 2023.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE