UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT MENZER, | Case No. 3:23-CV-00299-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| U.S. BANK, N.A., *et al.*, | |
| Defendants. | |

**I.   SUMMARY**

Plaintiff sued Defendants to challenge the validity of default judgment entered in a state judicial foreclosure proceeding. (ECF No. 1.) The Court dismissed this action based on claim preclusion. (ECF No. 39.[1]) Plaintiff appealed. (ECF No.41.) In the meantime, Defendants filed a motion for attorney's fees (ECF No. 43) and a motion to expunge lis pendens (ECF No. 44) (collectively, "Motion").[2]  For the reasons discussed below, the Court grants the Motion as to expunging lis pendens but denies the Motion as to attorney's fees.

**II.   DISCUSSION**

Defendants seek attorney's fees under the underlying note and deed of trust as the parties who prevailed in defending Defendants' interest in the property at issue. (ECF No. 43 at 5-8.) However, the Court agrees with Plaintiff that this action challenges the default judgment entered in the judicial foreclosure and does not fall within the fees provisions of the note or deed of trust. (ECF No. 49 at 3-6.) Moreover, even accepting Defendants' argument that their entitlement to fees is grounded in the note and deed of trust,

---

[1]The Court incorporates the background facts discussed in the order of dismissal. (ECF No. 39 at 1-3.)

[2]Defendants filed the same motion twice as they seek different relief. Plaintiff responded (ECF Nos. 50, 52), and Defendants replied (ECF No. 53).

Defendants acknowledged that the award of fees under NRS § 18.010(1) is still within the court's discretion. (ECF No. 43 at 5.) Here, given that the claims do not directly challenge Defendants' interest in the underlying property, the Court declines to exercise its discretion to award attorney's fees.

Defendants argue that the Court should expunge the lis pendens because the claims have been dismissed. (ECF No. 44 at 8.) Plaintiff responds that his appeal divests this Court of jurisdiction to address the lis pendens. (ECF No. 50 at 2.) The Court disagrees.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Nationstar Mortg. LLC v. Augusta Belford & Ellingwood Homeowners Ass'n*, No. 2:15-cv-01705-MMD-PAL, 2019 WL 1995319, at *1 (D. Nev. May 6, 2019) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). Plaintiff relied on this general principle to argue that the Court lacks jurisdiction. But the district court retains jurisdiction to address collateral issues even after a notice of appeal divests the court of jurisdiction over the merits of the case. *See Leslie v. Grupo ICA*, 198 F.3d 1152 1160 (9th Cir. 1999) (award of attorney's fees is a collateral issue over which the district court retains jurisdiction even after an appeal); *Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 956 (9th Cir. 1983) (district court retains power to award attorneys' fees after notice of appeal from decision on merits).[3]

The lis pendens is such a collateral matter, unrelated to the merits of the case. Plaintiff filed the notice of lis pendens under NRS § 14.010[4] to provide notice of this action. (ECF No. 28.) "To maintain [a] lis pendens, the party who recorded it has the burden of establishing, among other things, that the lis pendens is proper and that the party is likely

---

[3]Indeed, Plaintiff acknowledges as much when he does not oppose Defendants' Motion as it relates to attorney's fees based on jurisdictional ground.

[4]NRS § 14.010(1) provides that in an action affecting title to or possession of real property, "the plaintiff, at the time of filing the complaint, . . . shall record . . . a notice of pendency of this action."

to prevail in the action and as a result will be entitled 'to relief affecting the title or possession of the real property.'" *Tahican, LLC . Eighth Jud. Dist. Ct.*, 523 P.3d 550, 553 (Nev. 2023) (citing NRS § 14.015(2), (3)). Because the Court dismissed this action, Plaintiff cannot show that he is likely to prevail to continue to maintain the lis pendens.

### III. CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Defendants' motion for attorney's fees (ECF No. 43) is denied.

It is further ordered that Defendants' motion to expunge lis pendens (ECF No. 44) is granted.

DATED THIS 23rd day of August 2024.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE